IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN LUCAS TERHAAR, JR., REINA TERHAAR-REYES, and JOANN TERHAAR,<br><br>Defendants. | 8:20-CV-479<br><br>ORDER |

This matter is before the Court on Plaintiff's Motion to Discharge United of Omaha, Enjoin Further Actions Against United of Omaha, and Dismiss United of Omaha with Prejudice. Filing 22. Plaintiff previously moved for leave "to deposit the Proceeds payable under the Policies into the Registry of the Court" in compliance with Federal Rule of Civil Procedure 67 and NECivR 67.1, admitting it held $182,000 plus interest in payable proceeds Filing 1; Filing 19. The Court granted Plaintiff's motion and ordered, "Plaintiff may deposit a check in the amount of $183,455.95 with the Clerk of the Court for the United States District Court for the District of Nebraska." Filing 21. Plaintiff, having deposited the above-stated amount into the Court's registry, now seeks its dismissal from this case with prejudice along with an order discharging itself from all liability related to this case and the underlying insurance policy and enjoining Defendants from "instituting or prosecuting any proceeding" against it.[1] Filing 22.

"Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Interpleader requires

---

[1] Defendant Alan Lucas Terhaar, Jr. was served, *see* Filing 18, and defendants Reina Terhaar-Reyes and Joann Terhaar filed answers and are now represented by counsel. *See* Filing 8; Filing 9; Filing 24. No defendant has filed an objection to Plaintiff's motion.

1

"the depositing of the fund in the registry of the court" and allows "an order of discharge of the stakeholder from further liability." *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 979 (8th Cir. 2016) (discussing discharge and attorney's fees in the context of rule interpleader when the plaintiff is a disinterested stakeholder).

Plaintiff has joined the proper parties, interpled the full amount of its liability, and is a disinterested stakeholder. *See* Filing 22 (in which Plaintiff describes its liability for the full amount of the policy plus interest and its lack of interest in the disposition of said policy proceeds). Furthermore, in accordance with Fed. R. Civ. P. 22(a)(1), defendants Reina Terhaar-Reyes and Joann Terhaar have interpled by filing a joint cross-claim against Alan Lucas Terhaar, Jr. *See* Filing 28. Thus, Plaintiff is entitled to dismissal and discharge of any liability. *See Federated Mut. Ins. Co.*, 821 F.3d at 979.

IT IS ORDERED:

1. Plaintiff, United of Omaha Life Insurance Company, is discharged from all liability to Defendants for any claim, demand, action, or cause of action arising out of the life insurance policies issued to Omaha Steaks International, Inc. insuring the life of Carmen TerHaar, specifically United of Omaha Group Policy Number GLUG-ALGL and Group Policy Number GVTL-ALGL;

2. Defendants are enjoined from institution or prosecuting any proceeding against United of Omaha Life Insurance Company relating to the life insurance policies issued to Omaha Steaks International, Inc. insuring the life of Carmen terHaar, specifically United of Omaha Group Policy Number GLUG-ALGL and Group Policy Number GVTL-ALGL;

3. United of Omaha Life Insurance Company is dismissed with prejudice as a party to this action;

4. The Clerk of Court shall terminate United of Omaha Life Insurance Company as a party to this action.

Dated this 20th day of April, 2021.

                                                      BY THE COURT:

                                                      Brian C. Buescher
                                                      United States District Judge