IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN LUCAS TERHAAR JR., REINA TERHAAR-REYES, and JOANN TERHAAR,<br><br>Defendants. | 8:20-CV-479<br><br>ORDER |

This matter is before the Court on the Motion to Authorize Release of Funds, Filing 30, submitted by cross-claimants Reina Terhaar-Reyes and Joann Terhaar. Cross-claimants ask the Court to release the life insurance policy proceeds retained by the Court in this interpleader action. Filing 30. Their motion is denied.

United of Omaha Life Insurance Company filed the present interpleader action to address a potential dispute over the benefits provided under a life insurance policy issued to Carmen Terhaar. Filing 1. Crossclaim defendant Alan Terhaar was the named beneficiary of the policy and is accused of murdering Carmen, his mother. Filing 1. Because Nebraska law prohibits a murderer from benefiting from the life insurance policy of his victim, United of Omaha filed the present interpleader action believing Carmen's daughters, the cross-claimants, were likely to contest Alan Terhaar's entitlement to their mother's policy benefits. Filing 1.

Counsel for Cross-claimants filed a notice of appearance in this matter on February 16, 2021. Filing 24. On February 24, the Court entered an order delaying consideration of United of Omaha's motion to be dismissed from the case and instructed all defendants "to file any cross claims they have against any other defendant in this case by March 17, 2021." Filing 25. On March

1

16, rather than filing a crossclaim, counsel for Cross-claimants filed a motion asking the Court to deposit the insurance proceeds at issue with "the Douglas County Court . . . for Release and transfer to the Personal Representatives of the Estate of Carmen Marie Terhaar . . . ." Filing 26. The Court denied the March 16 motion, and again directed all Defendants to file any crossclaims they intended to assert. Filing 27. Finally, on March 30, Cross-claimants filed their claim, asserting they were the rightful beneficiaries under their mother's insurance policy by operation of Nebraska law. Filing 28. Counsel for Cross-claimants certified Alan Terhaar was served notice of the crossclaim against him by certified mail, also on March 30.

As Cross-claimants' current motion correctly notes, Alan Terhaar has not filed an answer. The Court also notes that the Federal Rules of Civil Procedure provide that "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed. R. Civ. P. 12(a)(1)(B). However, Cross-claimants have not sought entry of default and have not requested a default judgment as required by the rules and procedures of this Court. The Federal Rules of Civil Procedure and this Court's local rules set forth the procedures for obtaining judgment when a party does not answer a claim. *See* Fed. R. Civ. P. 55; NECivR 55.1. The present motion evidences no attempt to comply with these procedures and is therefore denied.

The Court notes that this is the third order this Court has issued where the Court has felt the need to guide Cross-claimants through procedures that are rather well-established in this Court. The Court respectfully requests that Cross-claimants carefully review applicable rules and make the filings and provide the evidence required by applicable rules in order for this Court to dispose of this matter.

IT IS ORDERED:

1. Cross-claimants' Motion to Authorize Release of Funds, Filing 30, is denied.

Dated this 23rd day of June, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge